ELLIS, Judge.
On April. 26, 1951 the defendant sold the -plaintiff a certain tract of real estate. This sale was in authentic form, with an assump *658 tion of mortgage, and contained the stipulation following:
“It is understood and agreed by and between the vendor, Andrew W. Stevens, and the vendee, Lee D. Heard, that should any action be brought against the property herein involved under that judgment held by the General Securities Company, Inc., of record in Mortgage Book 709, page 278, (Suit #27,498) that the vendor, Andrew W. Stevens, agrees and obligates himself to personally defend any such action or suit brought upon that judgment. This cause is meant to be a personal warranty under Code of Practice Article 378.”
The admitted reason for this stipulation was that the General Securities Company, Inc. held a record mortgage against the defendant.
On the day after the sale was executed, or on April 27, 1951, a contract labeled “contract to sell” was signed by both the plaintiff and defendant. In this contract the defendant bound himself “to deliver clear title to the hereinabove described property, specifically, to discharge and cancel that judgment recorded against Andrew W. Stevens recorded in Mortgage Book 709, page 278, said judgment held by the General Securities Company, Inc., and being suit #27,498 of the 19th Judicial District Court.”
In March of 1953 the plaintiff had an opportunity to sell the tract he had purchased from the defendant, but the attorney of the prospectiye vendee would not approve .title because of the record mortgage, supra.
Upon repeated attempts to have the defendant cancel this mortgage, and upon his failure to act, the plaintiff, on April 6, 1953 paid the judgment creditor the amount of $342.18 and the property was released, from the mortgage secured by judgment in favor of General Securities Company, Inc.
On April 8, 1953 the plaintiff sold the property and on May 20, 1953 brought this suit for the return of the $342.18 paid to have the judgment cancelled and the mortgage erased.
An exception of pre-maturity was filed, argued and overruled, whereupon an exception of no cause or right of action was interposed, argued and referred to the merits. An answer was filed, a trial had upon the merits, and a judgment rendered in favor of plaintiff as prayed for.
The defendant has suspensively appealed.
Upon the Exception of Prematurity.
A reading of the petition herein discloses that the plaintiff’s suit is founded upon the instrument labeled “contract to sell.” In this contract made after the deed conveying the property, the defendant bound himself specifically to discharge and cancel the judgment recorded against him which résúlted in a judicial mortgage against the property bought by plaintiff.
The defendant maintains the suit is founded upon the stipulation contained in the act of sale and that until some legal action was brought to enforce this mortgage the , defendant was under no obligation, and that since the petition did not disclose that any action or suit Had been brought upon the judgment referred to, then the suit was premature.
The petition alleges that a contract to sell was entered into by and between the parties and in that instrument, as part of the consideration, the defendant agreed to discharge and cancel the judgment. The instrument sued upon is attached to the petition. . .
Consequently, the exception of prematurity was properly overruled by the Lower Court since the petition clearly alleged that although bound to do so, the defendant had failed within a reasonable period to cancel and erase the judgment and mortgage referred to.
Upon the Exception of No Right and No Cause- of Action
These exceptions are based upon practically the same contentions as those urged on the exception of prematurity.
*659 The defendant maintains that there are no allegations in the petition setting forth that any action or suit was brought against the property according to the stipulation contained in the act of sale, and thus in the absence of such allegations there was no right and no cause of action.
The judgment rendered does not mention this last exception so it is presumed to be overruled since the decree is in favor of the plaintiff.
These exceptions should have been overruled for the same reasons that the exception of prematurity was overruled.
On the Merits
It is proven by the record that plaintiff gave the defendant a check in the amount of $750 as the cash portion of the consideration of the sale executed on April 26, 1951 but that the defendant failed to cancel the judgment and mortgage in favor of General Securities Co., Inc. and payment was stopped upon this check. Plaintiff and defendant entered into negotiations which resulted in the agreement set forth in the contract to sell executed on April 27, 1951 in which the defendant specifically agreed “to discharge and cancel that judgment recorded against Andrew W. Stevens recorded in Mortgage Book 709, page 278, said judgment held by the General Securities Company, Inc., and being Suit Number 27,498 of the Nineteenth Judicial District Court.” The defendant failed to cancel the General Securities Company, Inc. judgment and mortgage as agreed despite numerous demands, and the plaintiff, having secured a sale for the property could only execute it upon the payment and cancellation of the General Securities Co., Inc., judgment and mortgage.
 The plaintiff was forced to settle with the General Securities Co. Inc., which he did, for the amount for which he is now suing the defendant. The plaintiff, as stated, on April 8, 1953 executed an act of sale transferring the property, which was almost two years after the written agreement in which defendant bound himself to pay and secure the cancellation of the judgment and mortgage. The agreement between plaintiff and defendant of April 27, 1951 cannot by any stretch of the imagination be deemed to have become merged into the act of sale executed the previous day, for the very simple reason it was not even in existence on the date of the sale. The defendant’s main hope in this case is pinned upon an objection to the introduction of parol testimony as an attempt to vary the terms of the act of sale. There is no merit in this objection as the suit is upon the written agreement entered into by plaintiff and defendant subsequent to the date of the act of sale.
The judgment of the District Court is affirmed.